UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUSTAVO NAVARO, et al.,<br><br>Defendants. | Case No. 2:15-cr-00180-RFB-1<br><br>**ORDER** |

On May 22, 2023, the Court denied Defendant Gustavo Navaro and his co-defendant's Motions to Vacate [ECF Nos. 72, 74]. ECF Nos. 109, 110. Mr. Navaro argued that aiding and abetting a carjacking does not qualify as a crime of violence. The Court rejected this argument, finding that it was foreclosed by Young v. United States, 22 F.4th 1115 (9th Cir. 2022). A felony qualifies as a crime of violence only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." United States v. Davis, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019). The Ninth Circuit has held that federal carjacking is categorically a crime of violence under § 924(c). United States v. Gutierrez, 876 F.3d 1254 (9th Cir. 2017); see also United States v. Eckford, 77 F.4th 1228 (9th Cir. 2023) (applying the reasoning in Gutierrez post-Davis to hold Hobbs Act robbery is a crime of violence under § 924(c)(1)(A)); United States v. Buck, 23 F.4th 919 (9th Cir. 2022) (similar); United States v. Burke, 943 F.3d 1236 (9th Cir. 2019) (similar). The Ninth Circuit has also affirmed that "one who aids and abets the commission of a violent offense has been convicted of the same elements as one who was convicted as a principal." United States v. Eckford, 77 F.4th 1228, 1237 (9th Cir. 2023) (reaffirming the holding

of Young that "aiding and abetting a crime of violence is also a crime of violence.").

      The Court's May 22, 2023 order was a final order adverse to Mr. Navaro. As such, Rule 11(a) of the Rules Governing Section 2255 Cases requires this Court to issue or deny a certificate of appealability (COA). See also 28 U.S.C. § 2253(c)(1)(B). Without a COA, Mr. Navaro "may not appeal that denial." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). To issue a COA, the Court must find that Mr. Navaro "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the Court looks for a showing that "reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court finds that settled, binding caselaw disposes of Mr. Navaro's claims, the Court finds that no reasonable jurist could find the Court's assessment debatable or wrong.

      **IT IS THEREFORE ORDERED** that Defendant Gustavo Navaro is DENIED a Certificate of Appealability.

      **DATED:** January 24, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**